UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| MEGAN McLOUGHLIN, JONATHAN VAAST, AUDREY FELSEN, JEROME LARRACUENTE, ROBERT ACAMPORA, HEATHER CRAIG, VANESSA BIAGIOLI, DAPHNE DAROSA, and ANY OTHER PERSONS SIMILARLY SITUATED, | : : : : : : : | Civil Action No. _____ |
| Plaintiffs, | : : | |
| - against - | : : | |
| PEOPLES UNITED BANK, INCORPORATED and BANK OF NEW YORK MELLON, INCORPORATED. | : : : | |
| Defendants. | : : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants People's United

Bank ("Peoples") and Bank of New York Mellon Corp. ("BNY Mellon," and with Peoples

collectively, "Defendants") by their undersigned counsel, hereby jointly give notice of the

removal of this action from the Superior Court of the State of Connecticut ("State Court

Action"), where it is pending as case number CV-08-5016161, to the United States District Court

for the District of Connecticut.  In support of this Notice of Removal, Defendants state as

follows:

## NATURE OF THE ACTION

1.    On or about May 23, 2008, Plaintiffs Megan McLoughlin, Johnathan Vaast,

Audrey Felsen, Jerome Larracuente, Robert Acampora, Heather Craig, Vanessa Biagioli, and

Daphne Darosa (collectively, "Plaintiffs") filed this putative class action on behalf of themselves

and other similarly situated individuals asserting claims of negligence, invasion of privacy,

breach of fiduciary duty, and violations of the Connecticut Unfair Trade Practices Act against one or both Defendants and seeking an award of money damages, including punitive damages, attorneys' fees, and the costs of suit.

2.      The Complaint was served by hand on Peoples on May 27, 2008 and received on the same date.  It was served by certified mail on BNY Mellon on May 27, 2008, and received on June 2, 2008.  A complete copy of the file in the State Court Action, including the Complaint ("Compl."), is attached as Exhibit A and incorporated herein by reference.

3.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of when both Defendants were served.

4.      In filing this notice of removal, Defendants do not waive and expressly reserve all of their rights, including, but not limited to their rights to move to dismiss this action on any grounds permitted under the law.

## GROUNDS FOR REMOVAL

5.      This action is removable under the Class Action Fairness Act, 28 U.S.C. § 1453, as one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) because: (1) it is a putative class action alleged to involve 100 or more proposed class members; (2) it is a civil action in which the aggregated amount in controversy is alleged to exceed $5 million, exclusive of interest and costs; and (3) at least one member of the proposed class of plaintiffs is alleged to be a citizen of a State different than one of the Defendants. *See* 28 U.S.C. § 1332(d)(2)(A) & § 1332(d)(5-6).

<u>100 or More Class Members</u>

6.      Plaintiffs state in their Complaint that they brought this action "on their own behalf and as a class action on behalf of all other customers of [Peoples] and any other persons whose data was handled and lost by [BNY Mellon] who are similarly situated."  (Compl. ¶ 16.)

Plaintiffs claim that this proposed class consists of "thousands of persons," and that joinder of all of these individuals is "impracticable." (*Id.* ¶ 17.)

7.    More specifically, publicly available information – including a recent press release by the Attorney General of the State of Connecticut (attached as Exhibit B) – states that the number of individuals purportedly affected by the data breach is approximately 4.5 million. Based on the description of the class set forth in the Complaint, the purported class would include all persons affected by the alleged data breach, or approximately 4.5 million persons.

Amount in Controversy

8.    Plaintiffs allege in their Complaint that they and other members of the proposed class "incurred, or will incur, the costs of remedying the breach [of Defendants] through the purchase of identity protection and monitoring of accounts to ensure against identity theft," and that they have "suffered an unnecessary and illegal intrusion into their privacy rights and/or have suffered the mental and emotional distress such a breach necessarily entails." (*See* Compl. ¶¶ 14-15.)  Plaintiffs further aver that they and other members of the proposed class paid "account fees" to Peoples that "were improperly charged." (*Id.* ¶ 13.)  For these alleged harms, Plaintiffs seek "compensatory damages, punitive damages . . . attorney's fees and such other damages as are just and reasonable." (Ex. A, "Ad Damnum.")

9.    While Defendants do not believe that Plaintiffs have actually suffered any cognizable harm or damage, it is reasonably probable that the alleged damage – i.e., the aggregated costs of the relief for a purported class of 4.5 million people (including, *inter alia*, "identity protection" and "monitoring of accounts") – sought by Plaintiffs exceeds $5 million, exclusive of costs and interest.  Based on even the alleged damage for identity theft protection, the amount in controversy would exceed the jurisdictional threshold for removal.

<u>Diversity</u>

10.   Plaintiffs are all alleged to be residents of Connecticut.  (Ex. A, "Summons –
Civil.")  Plaintiffs do not discuss the citizenship of BNY Mellon in their Complaint; however,
BNY Mellon represents that it is a Delaware corporation with its corporate headquarters located
in New York, NY.  Therefore, diversity of citizenship exists as at least one defendant (BNY
Mellon) is diverse from at least one plaintiff (e.g., any of the named Plaintiffs).

WHEREFORE, Defendants request that this Court enter such orders and grant such
further relief as may be necessary to remove this action from the Superior Court of the State of
Connecticut and thereafter proceed in this Court as an action properly removed thereto.

Dated: June 24, 2008

PULLMAN & COMLEY, LLC                    DALY & PAVLIS, LLC

By:_____        By:_____
    William J. Wenzel (ct06056)             Alfred U. Pavlis (ct08603)

850 Main Street                         107 John Street
P.O. Box 7006                           Southport, CT  06890
Bridgeport, CT  06601                   (203) 255-6700
(203) 330-2000

*Attorneys for the Defendant*            *Of Counsel:*
*People's United Bank*
                                            Proskauer Rose LLP
                                            1585 Broadway
                                            New York, NY  10036
                                            (212) 969-3000

                                         *Attorneys for Defendant*
                                         *Bank of New York Mellon Corporation*

5975/15331-001 Current/11374088v4          06/23/2008 03:21 PM

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008, I caused a copy of the foregoing Notice of

Removal to be served by overnight courier upon the following parties and participants:


Michael A. Stratton
STRATTON FAXON
59 Elm Street
New Haven, CT  06510
(203) 624-9500

*Attorneys for Plaintiffs*


_____
Alfred U. Pavlis

# EXHIBIT A



State of Connecticut
## Judicial Branch

Case Look-up

Civil Inquiry Home   Prev Page   Site Help   Comments Page   Calendar Notic…

Screen Section Help:  Detail  Party  Motions

View
Docket Number/Case History

# Case Detail

View
Scheduled Court Dates



**Data Updated as of: 6/20/2008**

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| MCLOUGHLIN, MEGAN   ET AL  v.  PEOPLE'S UNITED BANK   ET AL | | |

| | |
|---|---|
| **Docket Number:** FBT-CV-08-5016161-S | **Court Location:** Bridgeport |
| **File Date:** May 28 2008 | **Return Date:** Jun 17 2008 |
| **\* Last Action Date:** Jun 12 2008 | **ADR Status:** Not Applicable |
| **Case Type:** TORT,OTHER - ALL OTHER | |

| | |
|---|---|
| **List Type:** . | |
| **Disposition Date:** | |
| **Judge/Magistrate:** | **Trial List Claim:** |
| **Disposition:** | |

\* 'Last Action Date' is a data entry date, not actual date

## Parties / Attorneys

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear | No Fee Party |
|---|---|---|---|---|---|
| MEGAN MCLOUGHLIN 01 | | P | . | . | . |
| **Attorney:** STRATTON FAXON (Juris No. 421593) | | | | | |
| 59 ELM ST NEW HAVEN , CT 06510 | | | | | |
| JEROME LARRACUENTE | 02 | P | . | . | . |
| **Attorney:** STRATTON FAXON (Juris No. 421593) | | | | | |
| 59 ELM ST NEW HAVEN , CT 06510 | | | | | |
| ROBERT ACAMPORA 03 | | P | . | . | . |
| **Attorney:** STRATTON FAXON (Juris No. 421593) | | | | | |
| 59 ELM ST NEW HAVEN , CT 06510 | | | | | |
| JONATHAN VAAST | 04 | P | . | . | . |
| **Attorney:** STRATTON FAXON (Juris No. 421593) | | | | | |

```
                    59 ELM ST
                    NEW HAVEN , CT 06510
AUDREY FELSEN       05              P              .          .          .

   Attorney: STRATTON FAXON (Juris No. 421593)

                    59 ELM ST
                    NEW HAVEN , CT 06510
HEATHER CRAIG       06              P              .          .          .

   Attorney: STRATTON FAXON (Juris No. 421593)

                    59 ELM ST
                    NEW HAVEN , CT 06510
VANESSA BIAGIOLI    07              P              .          .          .

   Attorney: STRATTON FAXON (Juris No. 421593)

                    59 ELM ST
                    NEW HAVEN , CT 06510
DAPHNE DAROSA       08              P              .          .          .

   Attorney: STRATTON FAXON (Juris No. 421593)

                    59 ELM ST
                    NEW HAVEN , CT 06510
PEOPLE'S UNITED     50              D              .          .          .
BANKINC.

   Attorney: PULLMAN & COMLEY LLC (Juris No. 047892)

                    850 MAIN STREET
                    PO BOX 7006
                    BRIDGEPORT , CT 06601 7006
BANK OF NEW YORK    51              D              .          .          .
MELLON CORP

   Attorney: DALY & PAVLIS LLC (Juris No. 411155)

                    107 JOHN STREET
                    SOUTHPORT , CT 06890
```

*Note: Party name display may not include prefix, suffix or full middle name as entered into the Civil/Family System.

| Motions / Pleadings / Objections | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Entry No** | **Entry Date** | **Description** | **Initiated By** | **Argu able** | **Result** | **Result Date** | **Ordered By** |
| 101.00 | Jun 09 2008 | SUPPLEMENTAL RETURN | P | No | | | |

### MCLOUGHLIN, MEGAN ET AL  v.  PEOPLE'S UNITED BANK ET AL

The following table lists events that have been individually scheduled for this case for today, or for a date in the future*. Other court activity may be separately scheduled on short calendars.

This table was last updated on **6/20/2008**.

| Individually Scheduled Court Dates | | | | |
|---|---|---|---|---|
| **#** | **Date** | **Time** | **Event Description** | **Status** |

| No Events Scheduled |
| --- |

*Note: Individually scheduled events for the Regional Family Trial Docket in Middletown and Complex Litigation Dockets may not be included.

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2008, State of Connecticut Judicial Branch

**SUMMONS - CIVIL**
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

"X" ONE OF THE FOLLOWING:
*Amount, legal interest or property in demand, exclusive of interest and costs is:*

- [ ] less than $2,500
- [ ] $2,500 through $14,999.99
- [X] $15,000 or more

("X" if applicable)
- [ ] Claiming other relief in addition to or in lieu of money or damages.

**INSTRUCTIONS**
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.)
(Must be a Tuesday) 06/17/2008

| | | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) | CASE TYPE (See JD-CV-1c) |
|---|---|---|---|
| [X] JUDICIAL DISTRICT | | BRIDGEPORT | Major **T**   Minor **90** |
| [ ] HOUSING SESSION | [ ] G.A. NO. | | |

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
1061 MAIN STREET, BRIDGEPORT, CT 06604

TELEPHONE NO. (with area code)
203-579-6527

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial | | PTY NO. |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | MCLOUGHLIN, MEGAN        144 HUGHES AVENUE, BPT, CT 06604 | | [X] Form JD-CV-2 attached | 01 |
| Additional Plaintiff | LARRACUENTE, JEROME        36 MONTERO DRIVE, STRATFORD, CT 06615 | | | 02 |
| FIRST NAMED DEFENDANT | PEOPLE'S UNITED BANK, INC.        850 MAIN STREET, 11 FLOOR, BPT, CT 06604 | | | 50 |
| Additional Defendant | BANK OF NEW YORK MELLON CORP.  SECRETARY OF THE CORPORATION, ONE WALL ST, NY,NY 10286 | | | 51 |
| Additional Defendant | | | | 52 |
| Additional Defendant | | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 05/23/08 | SIGNED (Sign "X" proper box) | [X] Comm. of Superior Court [ ] Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT MICHAEL A. STRATTON |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) STRATTON FAXON, 59 ELM STREET, NEW HAVEN, CT 06510 | TELEPHONE NUMBER 203-624-9500 | JURIS NO. (If atty. or law firm) 421593 |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code) CAROL A. GIRARD, 59 ELM STREET, NEW HAVEN, CT 06510 | | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|---|

| # PLFS. 7 | # DEFS. 2 | # CNTS. 4 | SIGNED (Official taking recognizance, "X" proper box) | [X] Comm. of Superior Court [ ] Assistant Clerk | For Court Use Only |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

FILE DATE

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

ORIGINAL

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2  Rev. 4-97

STATE OF CONNECTICUT
SUPERIOR COURT

FIRST NAMED PLAINTIFF (*Last, First, Middle Initial*)
**MCLOUGHLIN, MEGAN**

FIRST NAMED DEFENDANT (*Last, First, Middle Initial*)
**PEOPLE'S UNITED BANK**

### ADDITIONAL PLAINTIFFS

| NAME (Last, First, Middle Initial, if individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|---|
| ACAMPORA, JR., ROBERT | 46 QUIDNET COURT, GUILFORD, CT  06437 | 03 |
| VAAST, JONATHAN | 10 RIDGELY AVENUE, FAIRFIELD, CT  06824 | 04 |
| FELSEN, AUDREY | 55 TASHUA LANE, TRUMBULL, CT  06610 | 05 |
| CRAIG, HEATHER | PO BOX 122, OLD GREENWICH, CT  06870 | 06 |
| BIAGIOLI, VANESSA | 104 WEST SIDE DRIVE, HAMDEN, CT  06514 | 07 |
| DAROSA, DAPHNE | 724 FAIRVIEW AVENUE, BPT, CT  06606 | 08 |
|  |  | 09 |
|  |  | 10 |
|  |  | 11 |
|  |  | 12 |
|  |  | 13 |

### ADDITIONAL DEFENDANTS

| NAME (Last, First, Middle Initial, if individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|---|
|  |  | 54 |
|  |  | 55 |
|  |  | 56 |
|  |  | 57 |
|  |  | 58 |
|  |  | 59 |
|  |  | 60 |

| | FOR COURT USE ONLY - FILE DATE |
|---|---|
| 61 | |
| 62 | |

RETURN DATE:   JUNE 17, 2008                    :              SUPERIOR COURT

| | | |
|---|---|---|
| MEGAN McLOUGHLIN, JONATHAN | : | J.D. OF FAIRFIELD |
| VAAST, AUDREY FELSEN, | | |
| JEROME LARRACUENTE, ROBERT | | |
| ACAMPORA, HEATHER CRAIG, | | |
| VANESSA BIAGIOLI, DAPHNE DAROSA | | |
| AND ANY OTHER PERSONS | | |
| SIMILARLY SITUATED | : | AT BRIDGEPORT |

VS.

| | | |
|---|---|---|
| PEOPLES UNITED BANK, INCORPORATED | | |
| And BANK OF NEW YORK | | |
| MELLON, INCORPORATED | : | MAY 23, 2008 |

## CLASS ACTION COMPLAINT

### COUNT ONE: NEGLIGENCE

1. The defendant, Peoples United Bank, Incorporated (hereinafter "PUB"), is a federally chartered banking institution and has its principal place of business in Bridgeport, Connecticut.

2. The defendant Bank of New York Mellon , Incorporated (hereinafter "Mellon") is a federally chartered banking institution which conducts business in Connecticut.

3. At all times mentioned herein, the plaintiffs Jerome Larracuente and Megan McLoughlin were customers of PUB through their branch office at 850 Main Street in Bridgeport with multiple individual and business accounts.

4. At all times mentioned herein, the plaintiffs Jonathan Vaast, Robert Acampora, Audrey Felsen, Vanessa Biagioli, Daphne DaRosa and Heather Craig were account holding customers of PUB through their branch offices in Fairfield and New Haven county.

5. At all times mentioned herein, PUB charged the plaintiffs a variety of fees to manage their accounts, and represented to the plaintiffs that they would keep their records confidential and comply with state banking laws.

6. During the course of handling the plaintiffs' and other customers' transactions, PUB created vast amounts of financial records that included confidential, sensitive and private information related to the plaintiffs' and other customers' accounts. Such information included social security numbers, account numbers,

financial transactions, account balances, net worth, and other personal information not normally shared with the general public.

7. As a licensed bank, PUB had a responsibility to maintain the confidentiality of their customer accounts and the information. PUB had a contract with Mellon Bank to handle private electronic information of the plaintiffs and other customers like them.

8. Upon information and belief, PUB and Mellon failed to protect the financial and account data of customers.

9. Upon information and belief, PUB and/or Mellon lost unencrypted electronic data which had no safeguards to prevent the general public from coming into possession of the plaintiffs' and other customers' personal information.

10. Upon information and belief, personal information of the plaintiffs and thousands of customers from many different branches was improperly released by PUB and Mellon.

11. As a result,  PUB and Mellon has compromised all of the plaintiffs' and other customers' personal information relating to financial transactions and biographical information.

12. The actions of PUB and Mellon were careless and negligent in one or more of the following ways in that:

a) they failed to implement a security plan to protect customer data;

b) they failed to warn customers that they had no security plan to protect customer data;

c) they  failed to meet their duties to secure financial data pursuant to General Statutes § 36a-43; and/or

d) they cannot account for the location of customer financial data.

13. As a result of this negligence, PUB and Mellon have failed to honor their obligations to the plaintiffs and all other customers and said obligations were part and parcel of the services PUB was to provide in exchange for the charging of account fees. These account fees were improperly charged.

14. Further, these plaintiffs and all other PUB customers have incurred, or will incur, the costs of remedying the breach through the purchase of identity protection and monitoring of accounts to ensure against identity theft.

15. Finally, the plaintiffs and other customers have suffered an unnecessary and illegal intrusion into their privacy rights and/or have suffered the mental and emotional distress such a breach necessarily entails.

16. The plaintiffs bring this claim on their own behalf and as a class action on behalf of all other customers of PUB and any other persons whose data was handled and lost by Mellon who are similarly situated.

17. The class of people who are similarly situated is numerous. Upon information and belief, thousands of persons had data improperly released by PUB and/or Mellon through the method set forth above. Joinder of all impacted PUB and/or Mellon customers is impracticable.

18. The class of people who are similarly situated share common issues of fact and law as all customers' data was compromised by the same improper pattern and practice of release of records, and the same legal theories apply to all. These common questions of law and fact predominate over any individual differences.

19. The class of people who are similarly situated all have claims which are typical of each other. Each has suffered the same tort and same approximate damage. The defenses, if any, would also be typical for all.

20. The class representatives are also PUB and/or Mellon customers and will fairly and adequately protect the interests of the class.

## COUNT TWO: INVASION OF PRIVACY

1.-11. Paragraphs 1-11 of Count One are hereby incorporated as paragraphs 1-10 of this Count Two.

12. The actions of PUB and Mellon in releasing the financial records of the plaintiffs and its other customers represent an invasion of privacy in one or more of the following ways:

   a) By intentionally releasing financial records in the manner set forth above, PUB intruded upon each of the plaintiffs' and each of its' customers' solitude and/or seclusion by compromising their identities in a manner which is objectively highly offensive; and/or

   b) By publicizing through dissemination to the general public highly objectionable private material of the plaintiffs and their other customers.

13.-20. Paragraphs 13-20 of Count One are hereby incorporated as paragraphs 13-20 of this Count Two.

## COUNT THREE: BREACH OF FIDUCIARY DUTY

1.-11. Paragraphs 1-11 of Count One are hereby incorporated as paragraphs 1-11 of this Count Three.

12.     The acts and omissions of the defendant PUB represents a breach of fiduciary duty in that PUB had been retained to handle sensitive financial transactions and data on behalf of the plaintiffs and other customers. These plaintiffs relied on PUB who, by disbursing their financial data, acted immorally, unscrupulously and in egregious violation of their duties under the banking laws of this state.

13.-20. Paragraphs 13-20 of Count One are hereby incorporated as paragraphs 13-20 of this Count Three.

## COUNT FOUR: VIOLATION OF CUTPA

1.-11. Paragraphs 1-11 of Count One are hereby incorporated as paragraphs 1-11 of this Count Four.

12.     The actions of the defendant constitute a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a, et seq. in that such actions were unethical, oppressive, unscrupulous and offend public policy, and caused substantial ascertainable economic loss to consumers, including the plaintiffs and its customers, and were done with reckless indifference to the rights of the plaintiffs and its' other customers. These actions are described above and more fully below:

   a) It violated state banking laws requiring the maintenance of customer privacy pursuant to General Statutes § 36a-43;
   b) It failed to honor its obligations to customers who purchased accounts and maintenance services from it;
   c) It purposefully disseminated financial records of customers to open dumpsters to avoid the costs associated with properly disposing and redacting private financial data;
   d) It misrepresented to customers that it complied with privacy requirements and protected their private data;
   e) It never warned customers of the security breach.

13.-20. Paragraphs 13-20 of Count One are hereby incorporated as paragraphs 13-20 of this Count Four.

WHEREFORE THE PLAINTIFFS AND THE CLASS DEMAND MONEY DAMAGES, INCLUDING PUNITIVE DAMAGES AND ATTORNEYS' FEES AND COSTS OF SUIT.

THE PLAINTIFFS,

By: _____

MICHAEL A. STRATTON
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT  06510
PHONE NO. 203-624-9500
FAX NO. 203-624-9100
JURIS NO. 421593
mstratton@strattonfaxon.com

*PLEASE ENTER THE APPEARANCE OF:*

**STRATTON FAXON**
**59 ELM STREET**
**NEW HAVEN, CT 06510**
**TELEPHONE NO:  203-624-9500**
**JURIS NO:  421593**

*FOR THE PLAINTIFFS*

RETURN DATE:   JUNE 17, 2008          :          SUPERIOR COURT

MEGAN McLOUGHLIN, JONATHAN            :          J.D. OF FAIRFIELD
VAAST, AUDREY FELSEN,
JEROME LARRACUENTE, ROBERT
ACAMPORA, HEATHER CRAIG,
VANESSA BIAGIOLI, DAPHNE DAROSA
AND ANY OTHER PERSONS
SIMILARLY SITUATED                    :          AT BRIDGEPORT

VS.

PEOPLES UNITED BANK, INCORPORATED
And BANK OF NEW YORK
MELLON, INCORPORATED                  :          MAY 23, 2008

## AD DAMNUM

The plaintiffs claim damages in excess of $15,000, exclusive of interests and costs, including compensatory damages, punitive damages pursuant to General Statutes § 42-110g(a), attorney's fees and such other damages as are just and reasonable. This action is within the jurisdiction of this Court.

THE PLAINTIFFS

By: _____
MICHAEL A. STRATTON
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT  06510
PHONE NO. 203-624-9500
FAX NO. 203-624-9100
JURIS NO. 421593
mstratton@strattonfaxon.com

State of Connecticut:                       Date: May 28, 2008
                        ss: Danbury
County of Fairfield:

Then and there, by virtue hereof, I made service of the within and foregoing
Original Writ, Summons and Complaint(Class Action), Ad Damnum in the following
manner:

Upon: **People's United Bank,Inc.** on May 27 2008 by leaving a true and attested
      copy(s) with and in the hands of William Wenzel, Esq., the Attorney
      representing People's United Bank,Inc. and authorized to accept service
      for People's United Bank, Inc., Pullman & Comley, 850 Main Street,
      Bridgeport, CT.

Upon: **Bank of New York Mellon Corp.** on May 27 2008 by mailing a true and
      attested copy by certified mail return receipt requested to:

      Bank of New York Mellon Corp., One Wall Street, New York, NY 10286 -
      Attention: Secretary of the Corporation

      The above service was made pursuant to CGS 33-929 for a foreign
      corporation with no Registered Agent for Service in Connecticut.

The within and foregoing is the Original Writ, Summons and Complaint(Class
Action) , **Ad Damnum** with my doings hereon endorsed.

                              Attest:

                              Steve Pichiarallo
                              State Marshal Fairfield County

**FEES:**
SERVICE:        $60.00
COPIES;         $16.00
TRAVEL:         $49.00
ENDOR.:          $1.20
RECORD:
POSTAGE:         $5.60
WITNESS:

**TOTAL:**      $131.80

*CV08-5016161*

| | | |
|---|---|---|
| RETURN DATE:   JUNE 17, 2008 | : | SUPERIOR COURT |
| MEGAN McLOUGHLIN, JONATHAN VAAST, AUDREY FELSEN, JEROME LARRACUENTE, ROBERT ACAMPORA, HEATHER CRAIG, VANESSA BIAGIOLI, DAPHNE DAROSA AND ANY OTHER PERSONS SIMILARLY SITUATED | : | J.D. OF FAIRFIELD

AT BRIDGEPORT |
| VS. | | |
| PEOPLES UNITED BANK, INCORPORATED And BANK OF NEW YORK MELLON, INCORPORATED | : | JUNE 6, 2008 |

## SUPPLEMENTAL RETURN OF SERVICE

The Plaintiffs in the above-entitled matter, hereby files a supplemental return of

service in accordance with the supplemental return attached hereto.

_____
MICHAEL A. STRATTON
Commissioner of the Superior Court

JUDICIAL DISTRICT OF
FAIRFIELD AT BRIDGEPORT
STATE OF CONNECTICUT

2008 JUN -9 P 12:02

OFFICE OF THE CLERK
SUPERIOR COURT

## SUPPLEMENTAL MARSHAL RETURN

State of Connecticut:                                    Date: June 4, 2008
                ss: Danbury
County of Fairfield:

RE CASE: Megan McLoughlin, Jerome Larracuente vs People's United Bank, Bank of
New York Mellon Corp.

On May 27, 2008 I deposited in a U.S. Post Office an ~~express mail~~, certified,
registered letter, postage paid return receipt requested,   in which letter
contained a true and attested copy of the original **Writ, Summons and Complaint.**
The receipt hereto attached was returned to me.

Addressed To:   Bank of New York Mellon Corp.
                One Wall Street
                New York, NY 10286
                Attention: Secretary of the Corporation

Attest:

Steve Pichiarallo
State Marshal Fairfield County



# EXHIBIT B



STATE OF CONNECTICUT
ATTORNEY GENERAL'S OFFICE



ABOUT US    CONTACT US    HOME

>> ABOUT THE
ATTORNEY GENERAL

>> DEPARTMENTS

>> CONSUMERS

>> CHILDREN

>> SENIORS

>> INDIAN

>> CHARITIES

>> HEALTH

>> OPINIONS

>> PRESS RELEASES

>> RFP'S

>> LEGAL RESOURCES

>> EMPLOYMENT

>> HELPFUL INFORMATION

**Mailing Address:**
Office of the
Attorney General
55 Elm Street
Hartford, Connecticut
06106

**Telephone:**
(860) 808-5318

E-ALERTS
Receive Attorney General
news updates by e-mail.
>> Subscribe now or
update your e-Alerts

>> LOGIN

# Connecticut Attorney General's Office

# Press Release

### ATTORNEY GENERAL, DCP ANNOUNCE TOP 25 COMPANIES WITH CT RESIDENTS AFFECTED BY BANK OF NEW YORK MELLON DATA BREACH, BANK TO PROVIDE FREE CREDIT PROTECTION

May 30, 2008

Attorney General Richard Blumenthal and Department of Consumer Protection (DCP) Commissioner Jerry Farrell, Jr. today announced the top 25 companies with the most Connecticut residents affected by the Bank of New York Mellon data breach and that the bank has agreed to provide free identity theft protections for 4.5 million potential identity theft victims, including almost 500,000 in Connecticut.

The 497,333 state residents -- the vast majority depositors of People's United Bank or shareholders of John Hancock, Walt Disney Company and TD Bank Financial Group -- are at risk of identity theft after a storage company hired by Bank of New York Mellon lost an unencrypted backup computer tape on Feb. 27 containing their personal financial information, including Social Security numbers, names, addresses and some bank account data.

Affected state residents will receive or have already received a letter from Bank of New York Mellon informing them their information was lost. Blumenthal and Farrell urged consumers to carefully read the letter and sign up for credit protection services offered by the bank.

Blumenthal said, "Stronger safeguards announced today at my insistence, combined with this striking information, are vital first steps to protect anyone whose highly confidential personal data was lost in this massive security breach. Anyone receiving a letter from Bank of New York Mellon should read it carefully and follow its advice, vigilantly and vigorously monitoring their credit and financial records. They should use free credit monitoring services, identity theft insurance and other measures that I demanded from the company."

Blumenthal said, "I appreciate Bank of New York Mellon's very encouraging cooperation, heeding my call for two years of free credit monitoring, including $25,000 in identity theft insurance, as well as free credit freezes. I urge consumers to use these free key safeguards, helping forestall

criminal misuse of their confidential financial information. So far, thankfully, there are no reports of identity theft, but the risk may last months or years."

Blumenthal said, "My investigation and fight to protect consumers will continue, joined possibly by other states. We have demanded Bank of New York Mellon give a complete, comprehensive account of this data breach. The bank must explain to consumers how it lost their information, why it took so long to inform them and law enforcement and how it will prevent future data breaches."

Blumenthal added, "We appreciate senior management's stated commitment to timely and full cooperation and to positive remedies and changes in security practices."

Farrell said, "While steps should have been taken when this theft occurred to notify affected individuals, it is good that this information is finally coming out on the heels of my subpoena to Bank of New York, issued at the direction of Gov. Rell. It is particularly important that Bank of New York has now understood the importance of contacting the specific consumers affected by letter, so that all others that do business with the other financial institutions and businesses involved can understand who is affected and who is not."

Credit freezes are one of the most effective defenses against identity theft. For a small fee, credit rating agencies "freeze" a consumer's credit, making it impossible for anyone, including the consumer, to take out new lines of credit, such as a credit card or loan. If the consumer wishes to obtain new credit, he or she pays another small fee to un-freeze their information.

The businesses contracted with Bank of New York Mellon to provide services concerning shareholders or potential shareholders. The businesses gave the bank the lost consumer information so the Bank of New York Mellon could perform these administrative services.

People's United Bank, Hudson City Bank and Viewpoint Bank provided depositor information as part of their conversions from mutual banks -- institutions owed by the depositors -- to stock banks. As part of the conversion process, depositors were offered stock in the converted bank. The rest of the affected Connecticut residents are company shareholders.

The 25 companies with the most affected Connecticut residents are:

- People's United Financial Inc. - 403,894
- John Hancock Financial Services, Inc. *(acquired by Manulife Financial Corporation)*- 33,586
- The Walt Disney Company - 18,361
- TD Bank Financial Group - 9,389
- The Bank of New York Mellon Corporation - 3,324
- Hudson United Bancorp *(acquired by TD Bank Financial Group)* – 2,703
- United Parcel Service, Inc. -2,075
- Wachovia Corporation - 1,479
- MetLife, Inc. -1,373
- Hudson City Bancorp - 601
- Eastman Kodak Company - 456

- Burlington Resources *(acquired by ConocoPhillips Inc.)*– 447
- Providian Financial *(acquired by Washington Mutual, Inc.)* – 404
- Penn Fed Financial *(acquired by New York Community Bancorp)*– 360
- ADESA, Inc. – 277
- Alcatel-Lucent –243
- Odyssey America Reinsurance Corporation - 232
- Seacoast Financials Services Corp. *(acquired by Sovereign Bancorp)*-216
- Viewpoint Bank - 213
- Diamond Shamrock *(acquired by ConocoPhillips Inc.)* - 211
- Sound Federal Bancorp *(acquired by Hudson City Bancorp)* –199
- Big Lots, Inc. - 192
- Guidant Corporation *(acquired by Boston Scientific Corp)*– 126
- New York Community Bancorp - 126
- ACE Ltd. - 119

Consumers with questions should call Bank of New York Mellon's toll free hotlines, (877) 278-3451 or (877) 278-3461.

Content Last Modified on 5/30/2008 2:35:00 PM

Printable Version

**Home | Technical Questions | Email the Attorney General**

State of Connecticut Disclaimer and Privacy Policy  Copyright © 2002 - 2008 State of Connecticut